1
2
3
4
5
6
7
8                          **UNITED STATES DISTRICT COURT**

9                                 **DISTRICT OF NEVADA**

10

11   EDWARD EUGENE GARNER,                    Case No. 2:15-cv-02430-JCM-CWH

12                  Petitioner,               **ORDER**

13          v.

14   TIMOTHY FILSON, et al.,

15                  Respondents.

16

17          Before the court are the first amended petition for a writ of habeas corpus (ECF No. 15),

18   respondents' motion to dismiss (ECF No. 32), petitioner's opposition (ECF No. 40), and

19   respondents' reply (ECF No. 46). The court finds that petitioner has not exhausted two of his

20   grounds for relief.

21          Before a federal court may consider a petition for a writ of habeas corpus, the petitioner

22   must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for

23   relief, a petitioner must fairly present that ground to the state's highest court, describing the

24   operative facts and legal theory, and give that court the opportunity to address and resolve the

25   ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459

26   U.S. 4, 6 (1982).

27          Ground 2 is a claim that trial counsel provided ineffective assistance because he did not

28   challenge the reliability of the eyewitness identification in this case. Shane Stewart was robbed

                                                     1

while walking on a street.  He called the police shortly after the robbery.  He gave one police officer a description of the robber and the direction the robber went after the robbery.  Another police officer went in that direction.  He found petitioner, who matched the description, and stopped him.  Stewart arrived and identified petitioner as the robber.  The police arrested petitioner.  Counsel also filed a motion to compel a physical line-up identification, but then he withdrew the motion to not interfere with the timing of the preliminary hearing.  Counsel waived petitioner's presence at the preliminary hearing.  At the preliminary hearing, the prosecutor showed Stewart the photograph taken of petitioner upon booking into the jail.  Stewart identified petitioner.  The justice court bound petitioner over for trial.  Petitioner argues that counsel should have refiled the motion for a physical line-up or insisted upon a photographic line-up, to challenge the reliability of Stewart's identification of petitioner.

Ground 2 is not exhausted because petitioner never presented any of the above facts to the Nevada Supreme Court.  In his state post-conviction proceedings, petitioner claimed that counsel failed to object to a photograph introduced <u>at trial</u> that showed him handcuffed in police custody.[1] Ground 2 is different.  First, the photograph introduced at trial is different from the photograph introduced at the preliminary hearing.  Second, a claim that counsel failed to object to a photograph at trial is different from a claim that counsel failed to object to a photograph at the preliminary hearing.  Third, petitioner never brought up in his state post-conviction proceedings the lack of a motion to compel a line-up, either physical or photographic.[2]  The differences in facts fundamentally alter the claim that petitioner raised in the state court.

Ground 3 is a claim that trial counsel provided ineffective assistance because trial counsel did not file a motion seeking appointment of new counsel to represent petitioner.  Petitioner acknowledges that ground 3 is not exhausted.

Petitioner next argues that grounds 2 and 3 are technically exhausted.  A claim is

---

[1] The Nevada Supreme Court denied that claim on the merits.  Ex. 96, at 3 (ECF No. 18-31, at 4).

[2] Petitioner argues that the Nevada Supreme Court reviewed the whole record on appeal from the denial of the state post-conviction petition, and that a combination of parts of the petition itself, the reply to the response of the petition, a motion for clarification, and a supplemental motion placed all the relevant facts before the Nevada Supreme Court. Opposition, at 4-5 (ECF No. 40).  The court disagrees.  Whatever "fair presentation" might be, it does not require the Nevada Supreme Court to piece together a claim from four separate documents.

technically exhausted if it is procedurally defaulted. The record must reflect that "it is clear that the state court would hold the claim procedurally barred." Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002) (emphasis added, citations and quotation marks omitted).

The state procedural bars that would be applicable to petitioner's case are the one-year time bar, Nev. Rev. Stat. § 34.726, and the bar against second or successive petitions, Nev. Rev. Stat. § 34.810. Both of these procedural bars allow for an excuse upon a showing of cause and prejudice or upon a showing of actual innocence. The standards that the state courts apply are substantially the same as the standards that federal courts apply for cause and prejudice or actual innocence. Robinson v. Ignacio, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004); Mitchell v. State, 149 P.3d 33, 36 (Nev. 2006).

In the past, the court has rejected petitioners who claimed technical exhaustion by procedural default while also claiming that they could establish cause and prejudice or actual innocence to excuse that default. On one hand, if a petitioner had an argument for cause and prejudice or actual innocence under the substantially similar state and federal standards, then the petitioner could not establish that "it is clear that the state court would hold the claim procedurally barred," Sandgathe, 314 F.3d at 376, and the ground would not be technically exhausted. On the other hand, if a petitioner had no arguments for cause and prejudice or actual innocence, then the ground would be technically exhausted but also subject to dismissal as procedurally defaulted. Either way, this court would not evaluate the arguments to excuse a procedural default.

However, when federal law recognizes a potential basis to excuse a procedural default and the Nevada state courts do not recognize that same basis to excuse a state-law procedural bar, then the petitioner can argue in federal court both that a ground is technically exhausted and that an excuse for the procedural default exists. Such is the case with claims of ineffective assistance of trial counsel. The Supreme Court has held that ineffective assistance of state post-conviction counsel, or the lack of counsel in state post-conviction proceedings, possibly can excuse a procedural defaulted claim of ineffective assistance of trial counsel. Martinez v. Ryan, 566 U.S. 1 (2012). The petitioner would need to demonstrate (1) that the claim of ineffective assistance of

trial counsel is substantial; (2) that ineffective assistance of post-conviction counsel, or lack of counsel, in the state post-conviction proceedings is the cause of the default; (3) that the post-conviction proceedings were the initial review proceedings for the claim of ineffective assistance of trial counsel; and (4) that state law requires, or practically requires, that a claim of ineffective assistance of trial counsel be raised in the initial post-conviction proceedings.  Trevino v. Thaler, 569 U.S. 413, 423 (2013).  The Nevada Supreme Court has declined to recognize cause under Martinez as cause to overcome a state-law procedural bar.  Brown v. McDaniel, 331 P.3d 867 (Nev. 2014).

Accordingly, a Nevada habeas petitioner who can rely upon Martinez, and only Martinez, as a basis for overcoming a state procedural bar on an unexhausted claim can argue that the state courts would hold the claim procedurally barred but that he nonetheless has a potentially viable argument for cause and prejudice under federal law that would not be recognized by the state courts when applying the state procedural bars.

In the present case, petitioner relies upon Martinez to overcome a procedural default of the unexhausted claims.  It does not appear from the current briefing that petitioner has other potentially viable bases for demonstrating cause and prejudice that might be recognized by the state courts and that thus would preclude a finding of technical exhaustion by procedural default as to the unexhausted claims.

The court is persuaded that it should analyze cause and prejudice under Martinez as to the unexhausted claims in this case rather than direct petitioner under Rose v. Lundy, 455 U.S. 509 (1982), either to dismiss the claims or to seek other appropriate relief, such as a stay.  The court prefers to address the matter in the same manner that it often does when a claim of cause and prejudice is based upon an independent claim of constitutionally ineffective assistance of either trial or appellate counsel.  In such circumstances, the court often defers a resolution of the cause-and-prejudice analysis until after the filing of an answer and reply contingently addressing the claims also on the merits, so that the Court may have the benefit in its analysis of a full factual and legal presentation as to all relevant claims.  That is the procedure that the Court will follow

4

herein.[3]

IT THEREFORE IS ORDERED that the motion to dismiss (ECF No. 32) is **GRANTED** in part. Grounds 2 and 3 are actually unexhausted but technically exhausted because they would be procedurally barred by the state courts.

IT FURTHER IS ORDERED that the court defers consideration of whether petitioner can demonstrate cause and prejudice under Martinez v. Ryan, 566 U.S. 1 (2012), to overcome the procedural default of Grounds 2 and 3 until after the filing of an answer and reply in this action.

IT FURTHER IS ORDERED that, within forty-five (45) days of entry of this order, respondents shall file and serve an answer addressing all claims in the amended petition on the merits, under a de novo standard of review as to Grounds 2 and 3, and also addressing whether Grounds 2 and 3 are barred by procedural default under federal law.

IT FURTHER IS ORDERED that petitioner will have forty-five (45) days from the date of filing and service of the answer to file a reply.

DATED: August 16, 2018.

_____
JAMES C. MAHAN
United States District Judge

---

[3] The court emphasizes that the action taken herein is premised upon petitioner having a potentially viable argument for cause and prejudice based upon Martinez, and only Martinez, as opposed to having also potentially viable arguments for cause and prejudice based upon grounds that the state courts would recognize. If petitioner begins arguing any such additional arguments for cause and prejudice, then the court will return to a procedural posture where the next step instead is dictated by Rose v. Lundy and following cases. That is, the court's action is taken on the premise that the unexhausted claims are technically exhausted by procedural default because petitioner has no potentially viable arguments for cause and prejudice, or actual-innocence, that the state courts would recognize as a basis for overcoming the state procedural bars.